IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01918-WDM

CRAIG R. BELISLE,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

Miller, J.

     Claimant Craig R. Belisle (Belisle) appeals a final administrative decision by Defendant Michael J. Astrue (the Commissioner) finding that he is not disabled within the meaning of the Social Security Act.

Background

     Belisle was born in 1982. Although the record is not clear, it appears that he failed to graduate from high school by one credit. His past relevant work includes brief stints as a dishwasher, pizza delivery driver, grocery bagger, and lawn mower. He joined the Marine Corps in January of 2001, but was given a less than honorable discharge six months later because he had not disclosed his mental condition when he enlisted.

1.    Medical History

     Belisle's medical records indicate that he had a fairly normal childhood before his parents' divorce when he was about fourteen. Then, over the next few years he began using drugs and alcohol heavily. In 2001, Belisle began to show signs of severe mental

disorders, and since that time, Belisle has been repeatedly diagnosed with a schizoaffective disorder by a number of medical and mental health professionals. Belisle has reported symptoms including auditory hallucinations (such as hearing voices), preoccupation with paranoid and idiosyncratic thoughts (he has reported an ability to control others with his mind and that he feels like others can read his thoughts). His treating physicians have put him on various drugs, some of which have caused him to complain about chronic fatigue (sleeping 12-14 hours a day).

2. <u>Procedural History</u>

On August 14, 2002, Belisle submitted an application to the Social Security Administration for disability insurance benefits claiming he became disabled as of January 1, 2001. After this application was denied on initial review, he requested and received a hearing before an Administrative Law Judge (ALJ). Following this hearing held May 26, 2004, the ALJ issued a decision finding that Belisle is not disabled because he is able to perform his past relevant work as a dishwasher. The Social Security Appeals Counsel declined review of the ALJ's decision, making it the final decision of the Commissioner for review in this court.

Standard of Review

I review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*

*v. NLRB*, 305 U.S. 197, 229 (1938)).  The Commissioner must apply the correct legal standard, and must provide the court with a sufficient basis to determine that appropriate legal principles were followed.  *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993).

## Discussion

The Secretary has established a five-step evaluation process to determine whether a claimant is disabled for purposes of the Social Security Act.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

1.  Belisle's Arguments on Appeal

Belisle raises three issues on appeal.  First, he argues that the ALJ failed to properly evaluate his treating physician's opinions.  Second, he argues that the ALJ erred in finding him less than fully credible.  And third, Belisle argues that the ALJ erred by not finding the vocational expert's (VE) answers to Belisle's questions determinative.

2.  Evaluation of Opinions from Examining Physicians

Belisle argues that remand is required because the ALJ failed to demonstrate proper consideration of opinions from two treating physicians.  I agree.

The Social Security Administration has developed a very structured analytical framework that an ALJ must follow when determining how much weight to give to any

medical opinion. First, the ALJ must decide whether the opinion comes from a treating source. A treating source is either a physician or a psychologist who has an ongoing treatment relationship with the applicant. 20 C.F.R. § 404.1502. If so, then ALJ must determine whether the opinion is entitled to controlling weight. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The Tenth Circuit has explicitly described how an ALJ must analyze a treating doctor's opinion:

> An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

*Id.* Even if a treating source opinion is not entitled to controlling weight, an ALJ cannot simply reject the opinion; it is still entitled to deference. *Id.* In order to determine how much deference, the ALJ must consider all of the following six factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300-01; *see also* 20 C.F.R. §§ 404.1527(d)(2)-(6) & 416.927(d)(1)-(6)).

The ALJ's decision must always demonstrate consideration of the proper factors,

4

*Robinson v. Barnhart*, 366 F.3d 1078 (10th Cir. 2004) (remanding because the ALJ's opinion failed to demonstrate that he considered the proper factors in determining what weight to give to a physician's opinion); *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993) (noting that meaningful review requires that the ALJ articulate the basis for his decision with sufficient detail to allow a reviewing court to determine that he followed the appropriate legal principles); *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) ("Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard . . . the proper remedy is reversal and remand."). Moreover, the ALJ must also be sufficiently specific to make it clear to any subsequent reviewers what weight the ALJ gave to the treating source opinions and the reasons for that weight. *Watkins*, 350 F.3d at 1300. If the ALJ rejects the treating source opinion completely, he must give "specific, legitimate reasons" for doing so. *Id.*

In this case, the ALJ completely rejected opinions from two physicians, Dr. Kenneth Gamblin, and Dr. John Bermudez. (Admin. R. at 24) Dr. Gamblin had opined that Belisle was unable to meet competitive standards regarding most of the mental abilities required for work activities. (Admin. R. at 299-300) Nonetheless, the ALJ gave his opinions "[n]o weight," based upon a perceived contradiction between these opinions and Dr. Gamblin's assessment that Belisle had a Global Assessment Functioning (GAF) score of 55,[1] and because the ALJ suspected that Dr. Gamblin was exaggerating in order to help Belisle

---

[1] A GAF is the physician's subjective judgment of the patient's overall level of functioning. *Langley v. Barnhart*, 373 F.3d at 1122, n.3 (10th Cir. 2004). GAF's are based on a scale from 1 to 100, and "[a] GAF score of 51-60 indicates moderate symptoms, such as a flat affect, or moderate difficulty in social or occupational functioning. *Avalos v. Barnhart*, 78 F. App'x 668, 670 n.2 (10th Cir. 2003).

5

obtain benefits. (Admin. R. at 24)

First, the ALJ's speculation about Dr. Gamblin's motives was improper, as this type of reasoning has been repeatedly condemned by the Tenth Circuit. *See e.g.*, *Langley*, 373 F.3d at 1121 (holding that the ALJ erred in rejecting a treating physician's opinion "based upon his own speculative conclusion that the report was . . . was an act of courtesy to a patient," and noting that "an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*") (emphasis in original) (internal citations and quotations omitted). And second, although it is unclear whether the ALJ considered Dr. Gamblin a treating physician,[2] there is no doubt that Dr. Gamblin had developed a significant treatment relationship with Belisle, and even if he did not qualify as a treating source, he was very close to qualifying as such. Therefore, it was improper and unreasonable for the ALJ to completely reject Dr. Gamblin's opinions based solely upon a perceived inconsistency between his GAF assessment and his other opinions. Such a discrepancy may have required further development of the record, or it may have justified giving Dr. Gamblin's opinions lesser weight than those from other medical sources, but does not justify a complete rejection of the views of a physician who has developed a significant treatment relationship with Belisle. *See Langley*, 373 F.3d at 1120-21. Therefore, I must remand for reconsideration of Dr. Gamblin's opinions.

---

[2] In another section of his opinion, the ALJ noted that Dr. Gamblin "no longer considers himself to be [Belisle's] treating source." (Admin. R. at 23) However, the ALJ never indicates his own conclusions on this matter.

The ALJ's treatment of Dr. Bermudez's opinions was similarly improper. Dr. Bermudez, whom the ALJ recognized was a treating physician, opined that Belisle had severe impairments in most mental abilities required for employment. (Admin. R. at 178-79)  But as with Dr. Gamblin's opinions, the ALJ gave Dr. Bermudez's opinions "no weight," and speculated about Dr. Bermudez's motives. Again, the ALJ's speculation is improper, and the reasons he gives for doubting Dr. Bermudez's opinions are insufficient to support a complete rejection. Therefore, upon remand, the ALJ must also reconsider Dr. Bermudez's opinions.

3.   Credibility

Next, Belisle argues that remand is required because the ALJ erred in finding him less than fully credible. Belisle fails to develop this argument, however, and fails to identify any specific statements that the ALJ was wrong to doubt or disbelieve. Therefore, I will not remand for reconsideration of credibility determinations except to the extent that the ALJ's reconsideration of the medical evidence discussed above impacts his earlier credibility determinations.

4.   Vocational Expert

Finally, Belisle argues that the ALJ erred by not finding the VE's answers to Belisle's questions determinative. I disagree. Belisle's hypotheticals asked the VE to assume several facts that were not found to be true by the ALJ. Therefore, the ALJ was not required to consider the VE's answers determinative.

## Conclusion

Based upon my review of the record in this case, I find that the ALJ erred by

completely rejecting the opinions of Dr. Gamblin and Dr. Bermudez without giving sufficient reasons for doing so. Accordingly, the determination that Belisle is not disabled is reversed and this matter is remanded for proceedings consistent with this opinion.

DATED at Denver, Colorado, on March 23, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge