IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-CV-01918-WDM

CRAIG R. BELISLE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

    Defendant.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

This matter is before me on "Defendant's Motion to Alter or Amend Under Fed. R. Civ. P. 59(e)" (Docket No. 26). After a review of the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be denied.

### Background

In this case, Claimant Craig R. Belisle ("Claimant") appeals a final administrative decision by Defendant Michael J. Astrue (the "Commissioner") finding that he is not disabled within the meaning of the Social Security Act (the "Act"). Oral argument was held on September 5, 2006. On March 23, 2007, I issued a Memorandum Opinion and

---

[1] This case was originally brought against Jo Anne B. Barnhart in her capacity as the Commissioner of Social Security. On February 12, 2007, Michael J. Astrue became the new Commissioner. Therefore, pursuant to Fed. R. Civ. P. 25(d)(1) he is automatically substituted as a party.

Order (Docket No. 24) concluding that the Administrative Law Judge ("ALJ") erred by completely rejecting the medical opinions of Drs. Gamblin and Bermudez without giving sufficient reasons for doing so and remanding the case.

Discussion

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, the Commissioner's motion is made pursuant to Rule 59(e) and was timely filed. *See id.* (holding that Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment).

A motion for reconsideration is limited to a narrow set of circumstances. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-*

*Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[2] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

In this case, the Commissioner's motion fails to present any argument warranting reconsideration under the Rule 59(e) standards. My March 23, 2007 Order determined that the ALJ's articulated reasons for affording no weight to the medical opinions of Drs. Gamblin and Bermudez were insufficient to support a complete rejection of these opinions. (*See* Docket No. 24 at 6–7.) The same factors that I relied upon in the March 23, 2007 Order are applicable and persuasive now. The Commissioner has not demonstrated that there was a change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243). Rather, the Commissioner merely reasserts the same arguments that were originally asserted in the briefs and during oral argument or could have been asserted at that time. *See id.* Indeed, the Commissioner's argument is essentially a second brief regarding why the ALJ's evaluation of the medical opinions was supported by substantial evidence and in accordance with law. However, I addressed the ALJ's evaluation of the opinions of Drs. Gamblin and Bermudez in the March 23, 2007 order and re-argument or reconsideration of the issue is inappropriate pursuant to the standards of Rule 59(e).

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

*See id.*

Accordingly, it is ordered the Commissioner's Motion to Alter or Amend Under Fed. R. Civ. P. 59(e) (Docket No. 26) is denied.


DATED at Denver, Colorado, on November 17, 2008.
BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge